UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **ROBERT JAMES SWINT,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) No. 2:24-cv-00238-JAW |
| | ) |
| **SAMSUNG et al.,** | ) |
| | ) |
| **Defendants** | ) |

**RECOMMENDED DISMISSAL**

Robert James Swint, proceeding pro se, brings claims against Samsung, "O-ran," "V-ran," Motorola, Nokia, and "Heaven." Complaint (ECF No. 1) at 1. In his complaint, Swint makes vague claims of fraud, perjury, harassment, and kidnapping, and cites a few seemingly random federal statutes. *See id.* at 3-4, 6. His allegations then devolve into complete incomprehensibility:

> Samsung set me up I, believe it, the United States and various companies, launching U.S.S. Samuel B. Roberts II on April 14th 1988, and four days later an Iranian land mine went onto the shore and the U.S. launched Operation Cricket State and is using Samsung for a meter on the Andro operating system, calling it Beta Mitfarms Enc. Wfat? Oni might ask, they also launched A-ran B-ran networks on Feb 23, 2023 on the same day as D-Link and Cisco launched in cahoots with Dish Network, the Federal Bureau of Investigations and the United States Marshals club, one heck of a private network, failing to include a public one, 86 Billion is actual 88 Billion, so give me 2B on request for 90 day rein.

*Id.* at 5-6.

Given the obvious frivolity of Swint's irrational allegations, I recommend that the court exercise its inherent authority and **DISMISS** his complaint. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (holding that district courts have the inherent authority to dismiss frivolous actions); *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) ("[28 U.S.C. §] 1915[(e)] . . . authorizes courts to dismiss a 'frivolous or malicious' action, but

there is little doubt they would have power to do so even in the absence of this statutory provision."); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a case is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

Because Swint previously brought an action in this court that was dismissed for being factually frivolous, *see Swint v. Liberty Mut. Ins.*, No. 2:21-cv-00119-GZS, 2021 WL 1894132 (D. Me. May 11, 2021) (rec. dec.), *aff'd*, 2021 WL 2292346 (D. Me. June 4, 2021), and because he appears to be a serial litigator across the country (a PACER search of his full name returns almost one hundred matters), I also recommend that the court **WARN** Swint that further groundless filings might result in the imposition of filing restrictions limiting his ability to bring new matters in this court, *see Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (noting that courts may impose filing restrictions on abusive litigants after adequate notice).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated: July 2, 2024

/s/ David M. Cohen
United States Magistrate Judge